UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

—————

|  |  |  |
|---|---|---|
| CHAINWORKS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05-cv-135 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| WEBCO INDUSTRIES, INC., | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |
| | ) | |

This is a breach of contract action governed by the Uniform Commercial Code. Presently pending before the court is defendant's motion to compel arbitration (docket # 7) pursuant to the Federal Arbitration Act, in reliance on an arbitration clause found in paragraph 17 of defendant's invoice. Chief Judge Robert Holmes Bell has referred the motion to me. I conducted a hearing on the motion on April 5, 2005. Motions to compel arbitration are dispositive in nature within the meaning of 28 U.S.C. § 636(b)(1)(B). Consequently, I am issuing this report and recommendation, which summarizes my oral findings at the hearing and incorporates them by reference.

**Proposed Findings of Fact**

Defendant, Webco Industries, Inc., manufactures steel tubing. Plaintiff, Chainworks, Inc., is a commercial broker of steel tubing which acts as an intermediary between Webco and third-party purchasers. The parties have had a commercial relationship since April of 1999. Relevant to

the present case, on or about December 8, 2003, plaintiff issued a blanket purchase order (Ex. A to Motion to Compel) governing the parties' purchase and sale relationship for the following year.  The blanket purchase order incorporated by reference plaintiff's published terms and conditions.  Plaintiff's terms and conditions limited acceptance to the terms of the purchase order.  (¶¶ 4, 5).  The parties agree that the blanket purchase order constituted an offer.

Thereafter, plaintiff made a series of purchases pursuant to the blanket purchase order, to which defendant responded by issuing invoices.  (Ex. B to Motion to Compel).  Defendant's invoices do not condition acceptance on assent to additional or different terms.  Rather, the face of the invoice contained a small-print legend indicating that defendant rejected any additional or different terms and conditions in the purchaser's "acceptance."  The parties agree that defendant issued this form of invoice on numerous occasions.  Paragraph 17 of the terms and conditions of the invoice contains an arbitration clause, requiring the parties to submit any controversy to arbitration in Tulsa, Oklahoma.

**Proposed Conclusions of Law**

1.     Under the Federal Arbitration Act, the court may compel arbitration only if it is satisfied that the parties agreed to arbitrate.  9 U.S.C. § 4.  The party seeking arbitration bears the burden of proving the making of an agreement to arbitrate.  *See In re Mercury Const. Corp.*, 656 F.2d 933, 939 (4th Cir. 1981).

2.     The parties in the present case agree that the question of contract formation is governed by the Michigan Uniform Commercial Code, and specifically, the "Battle of the Forms" provisions of UCC § 2-207:

(1)     A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, unless acceptance is expressly made conditional on assent to the additional or different terms.

(2)     The additional terms are to be construed as proposals for addition to the contract.  Between merchants such terms become part of the contract unless:
        (a)     the offer expressly limits acceptance to the terms of the offer;
        (b)     they materially alter it; or
        (c)     notification of objection to them has already been given or is given within a reasonable time after notice of them is received.

(3)     Conduct by both parties which recognizes the existence of a contract is sufficient to establish a contract for sale although the writings of the parties do not otherwise establish a contract.  In such case the terms of the particular contract consist of those terms on which the writings of the parties agree, together with any supplementary terms incorporated under any other provisions of this act.

MICH. COMP. LAWS § 440.2207.

3.     Plaintiff's blanket purchase order constituted an offer, and it expressly limited acceptance to the terms of the offer in paragraphs 4 and 5 of the Terms and Conditions.

4.     Defendant's invoices constituted an acceptance.  Although the small print on the face of the invoice contains some conditional language, such language is "narrowly construed to require that the acceptance must clearly reveal that the offeree is unwilling to proceed unless assured of the offeror's assent to the additional or different terms." *Challenge Mach. Co. v. Mattison Mach. Works*, 138 Mich. App. 15, 22 (1984).  Nothing in the invoice illustrates defendant's unwillingness to proceed unless it obtained the assent of the purchaser.  Indeed, in each case it is undisputed that defendant actually shipped the ordered product.  Consequently, under UCC § 2-207(1), defendant's issuance of the invoice and performance was a definite and seasonable

-3-

expression of acceptance, even though it stated terms additional to or different from those contained in the offer.

5.      The arbitration provision found in paragraph 17 of defendant's invoice was an "additional" term, as it did not directly conflict with any term found in plaintiff's blanket purchase order.  As such, it is construed as a proposal for addition to the contract.  UCC § 2-207(2).  It is undisputed that both plaintiff and defendant are merchants.  Consequently, the arbitration clause would become part of the contract unless one of the exclusions enumerated in UCC § 2-207(2) applied:

(a)      The offer expressly limits acceptance to the terms of the offer;

(b)      The additional term materially alters the contract; or

(c)      Defendant objected within a reasonable time.

6.      In the present case, plaintiff's blanket purchase order expressly limited acceptance to the terms of the offer (*see* Terms and Conditions, ¶¶ 4, 5).  Thus, under the clear language of UCC § 2-207(2), the additional term proposed by defendant's arbitration clause did not become part of the contract.

7.      Defendant nevertheless contends that the arbitration clause was incorporated in the contract, on the theory that the provisions of plaintiff's blanket purchase order expressly limiting acceptance to the terms of the offer were negated by conflicting provisions found in small print on the face of defendant's invoices.  For this proposition, defendant relies on cases such as *Challenge Machinery Co. v. Mattison Machine Works*, 138 Mich. App. 15 (1984), and *Eaton Corp. v. Mineral Technologies, Inc.*, No. 96-cv-162, 1999 WL 33485557 (W.D. Mich. Mar. 19, 1999) (Bell, C.J.).  *Challenge Machinery* and *Eaton Corporation*, while correctly decided, have no

-4-

application to the present case. Both *Challenge Machinery* and *Eaton* dealt with "different" terms, not "additional" terms, within the meaning of UCC § 2-207. The conflicting terms were warranty provisions, with the seller's paperwork limiting warranties and the buyer's paperwork expressly establishing warranties. Both cases found the provisions to be conflicting and therefore not part of the contract by virtue of UCC § 2-207(1). Neither case holds, however, that clauses which purport to reject additional or different terms found in each party's paperwork are in any way "conflicting" or that they cancel each other out. To the contrary, such provisions are not in conflict. Paragraphs 4 and 5 of plaintiff's blanket purchase order express plaintiff's intent not to be bound by different or additional provisions proposed by defendant; likewise, defendant's small-print legend expressed the same intent -- not to be bound by plaintiff's additional or different terms. There is no inconsistency between these provisions. Rather, each contracting party expressed its intent only to be bound by those provisions that it expressly accepted. Consequently, only those terms on which both parties' writings agree are incorporated into the contract. UCC § 2-207(3).

       8.    In conclusion, plaintiff's blanket purchase order expressly limited acceptance to the terms of the offer. By virtue of UCC § 2-207(2)(a), this provision prevented additional terms, such as defendant's proposed arbitration clause, from becoming part of the agreement. No further action on plaintiff's part was necessary. Defendant's contrary assertion is inarguable under the plain language of the UCC and is not supported by any authority.

**Recommended Disposition**

For the foregoing reasons, and those set forth on the record at the hearing on April

5, 2005, I recommend that defendant's motion to compel arbitration (docket # 7) be denied.


Dated:   April 6, 2005                        /s/  Joseph G. Scoville
                                              United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within
ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All
objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file
timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474
U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030
(1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).