UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAINWORKS, INC.,

       Plaintiff/Counter Defendant,

v.

       File No. 1:05-CV-135

       HON. ROBERT HOLMES BELL

WEBCO INDUSTRIES, INC.,

       Defendant/Counter-Claimant.
       _____/

## OPINION

This matter is before the Court on Defendant Webco Industries' objections to the Magistrate Judge's April 6, 2005, Report and Recommendation ("R&R") recommending that the Court deny Defendant's motion to compel arbitration. The R&R was duly served on the parties.

Any dispositive report and recommendation by a magistrate judge is subject to *de novo* review by the district court in light of specific objections filed by any party. *See* Fed.R.Civ.P. 72(b)(l); *United States Fidelity and Guar. Co. v. Thomas Solvent Co.,* 955 F.2d 1085, 1088 (6th Cir. 1992).

**I. The Magistrate Judge properly concluded that Defendant's acceptance was not made expressly conditional upon assent to additional or different terms.**

The Magistrate Judge properly concluded that this issue is governed by UCC § 2-207.[1] First, Defendant objects to the Magistrate Judge's rejection of the argument that Defendant's invoices did not constitute an acceptance of Plaintiff's offer. Defendant argues that they did not agree to be bound by the terms and conditions of Plaintiff's blanket purchase order.

The Magistrate Judge properly determined that a contract was formed under UCC § 2-207(1) because Defendant's issuance of the invoice and performance was a definite and seasonable expression of acceptance, even though it stated terms additional to or different from those contained in the offer.

---

[1] (1) A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, unless acceptance is expressly made conditional on assent to the additional or different terms.

(2) The additional terms are to be construed as proposals for addition to the contract. Between merchants such terms become part of the contract: unless
 (a) the offer expressly limits acceptance to the terms of the offer
 (b) they materially alter it; or
 (c) notification of objection to them has already been given or is given within a reasonable time after notice of them is received.

(3) Conduct by both parties which recognizes the existence of a contract is sufficient to establish a contract for sale although the writings of the parties do not otherwise establish a contract. In such case the terms of the particular contract consist of those terms on which the writing of the parties agree, together with any supplementary terms incorporated under any other provisions of this act.

MICH. COMP. LAWS § 440.2207 (2001).

Conditional assent provisions are narrowly construed and must clearly reveal that the offeree is unwilling to proceed unless assured of the offeror's assent to the additional or different terms. *Challenge Mach. Co. v. Mattison Mach. Works,* 138 Mich. App. 15, 22, 359 N.W.2d 232, 235 (1984); *see also Eaton Corp. v Minerals Technologies, Inc.*, 1999 WL 33485557, at *5 (W.D. Mich. Mar. 19, 1999) (Bell, J.). The Court has reviewed the R&R and concluded that the Magistrate Judge properly analyzed this issue. Defendant's invoice constituted an acceptance despite additional or different terms contained therein.

The rule established in *Challenge* is applicable to the case at hand. The face of Defendant's invoice[2] and the "conditions of sale"[3] included conditional language. The clauses, however, do not clearly reveal that Defendant was unwilling to proceed unless they were assured of Plaintiff's assent to the additional or different terms. *Challenge*, 359 N.W.2d at 235. The Magistrate Judge properly concluded that Defendant did not express an unwillingness to proceed in the absence of acceptance of the additional or different terms. *Id*. Furthermore, it is undisputed that Defendant actually shipped the ordered product, which

---

[2] Acceptance of this order is expressly limited to the terms and conditions hereof, including those on the reverse side. Any additional or different terms and conditions in your acceptance are specifically rejected hereby and shall be void unless written agreement thereto is delivered by us to you. (Ex. B Motion to Compel)

[3] The terms and conditions set forth herein shall constitute the sole terms and conditions of this contract. No other terms or conditions, whether contained in buyers purchase order, shipping release, or elsewhere, will be binding upon seller, and seller hereby expressly objects to any such terms and conditions. All proposals, negotiations, and representaitons, if any, made prior to the date hereof are merged herein. (Ex. C Motion to Compel).

further indicates their willingness to proceed with the transaction despite absence of assent to the additional or different terms.  *See Eaton*, 1999 WL 33485557 at 5* (finding that despite conditional language in the parties standard forms, the conduct of the parties did not indicate an unwillingness to proceed without the other party's assent to the additional or different terms).  As in *Challenge* and *Eaton*, the language of the forms and the actions of the parties are insufficient to indicate that Defendant made acceptance expressly conditional upon the assent to additional or different terms.

Second, Defendant objects to the Magistrate Judge's rejection of the argument that paragraphs 4 and 18 are conflicting terms, and therefore subject to the "knock-out" rule.  Defendant argues that paragraph 4 of Plaintiff's purchase order, which expressly limits acceptance to the terms contained in the offer, is "knocked-out" of the contract because it is directly contradictory to paragraph 18 of Defendant's "conditions of sale."  In support of this argument, Defendant cites *Hunger United States Special Hydraulics Cylinders Corp. v. Hardie-Tynes Mfg. Co.*, 2000 WL 147392 (10th Cir. Feb. 4, 2000).

The Court declines to apply the rule set forth in *Hunger*.  The Magistrate Judge properly concluded that *Challenge* and *Eaton* do not hold that clauses which purport to reject additional or different terms found in each party's paperwork are in any way "conflicting" or that they cancel each other out.  Thus, paragraphs 4 and 18 are not conflicting.

**II.  The Magistrate Judge properly determined that the arbitration clause on Defendant's Invoice is an additional term.  This additional term is excluded from the**

**contract under UCC § 2-207(2) because Plaintiff expressly limited acceptance to the terms of the offer.**

Defendant objects to the Magistrate Judge's rejection of the argument that the arbitration term is included in the contract under UCC § 2-207(2)(a).

The Magistrate Judge properly analyzed this issue and concluded: 1) that the arbitration provision found in paragraph 17 of Defendant's invoice was an "additional term" because it did not directly conflict with any term found in the Plaintiff's blanket purchase order, and; 2) that the "additional term" did not become part of the contract because Plaintiff expressly limited acceptance to the terms of the offer.

First, the arbitration provision found in paragraph 17 of Defendant's invoice was an "additional term" because it did not directly conflict with any term found in the Plaintiff's blanket purchase order.

Second, under UCC § 2-207(2)(a), additional terms between merchants become part of the contract unless the offer expressly limits acceptance to the terms of the offer. MICH. COMP. LAWS § 440.2207 (2001). Paragraphs 4 and 5 of Plaintiff's purchase order expressly limited acceptance to the terms of the offer by stating "Acceptance of this purchase order is expressly limited to acceptance of all the terms and conditions hereof. If there shall be any inconsistency between this PO and Seller's acceptance the provisions of their PO shall govern and control," and "Any modification, alteration, or addition to this PO shall be issued by an authorized representative of the buyer." (Ex. A to Motion to Compel).

5

In conclusion, the Magistrate Judge properly determined that because the offer was expressly limited to the terms contained in the purchase order, the additional terms proposed by Defendant did not become part of the contract. *See* MICH. COMP. LAWS § 440.2207(2)(a) (2001). Therefore, the arbitration clause is not part of the agreement.

Defendant also objects to the Magistrate Judge's reference to UCC § 2-207(3). This Court rejects the Magistrate Judge's opinion to the extent that it relied upon UCC § 2-207(3). As stated above in section I, a contract was formed under UCC § 2-207(1), thus UCC 2-207(3) need not be addressed. *Eaton*, 1999 WL 33485557, at *5. Accordingly, Defendant's objections to the R&R are overruled. An order will be entered consistent with this opinion.

Date:     June 10, 2005             /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE